UNITED STATES v. HILLS BROS. CO.

(Circuit Court of Appeals, Second Circuit. February 7, 1901.)

No. 50.

CUSTOMS—SUGAR—BOUNTY.

Where, under Act 1897, § 5, providing that, when any country shall pay any bounty on the exportation of merchandise dutiable in this country, there shall be levied an additional duty equal to the bounty, Holland gives bounty for the production of sugar, to be deducted from the excise

thereon, but such excise is remitted on exportation, the duty is a grant on the exportation, and should be added to the regular duty on importation of sugar from that country.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court, Southern district of New York (99 Fed. 425), reversing a decision of the board of general appraisers which had affirmed the action of the collector of the port of New York in assessing a countervailing duty on certain sugar imported from Amsterdam under the tariff act of 1897. The facts are set forth in the opinion.

D. Frank Lloyd, for appellant.

Everit Brown, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The usual duty, under paragraph 209 of the act of July 24, 1897, was assessed on the sugar, and is not called in question. In addition there was assessed a countervailing duty of 2.12 Dutch florins per 100 kilograms, under section 5 of the said act, which reads as follows:

"Sec. 5. That whenever any country, dependency, or colony shall pay or bestow, directly or indirectly, any bounty or grant upon the exportation of any article or merchandise from such country, dependency or colony, and such article or merchandise is dutiable under the provisions of this act, then upon the importation of any such article or merchandise into the United States whether the same shall be imported directly from the country of production or otherwise, and whether such article or merchandise is imported in the same condition as when exported from the country of production or has been changed in condition by re-manufacture or otherwise, there shall be levied and paid, in all such cases in addition to the duties otherwise imposed by this act, an additional duty equal to the net amount of such bounty or grant, however the same be paid or bestowed. The net amount of all such bounties or grants shall be from time to time ascertained, determined and declared by the secretary of the treasury, who shall make all needful regulations for the identification of such articles and merchandise and for the assessment and collection of such additional duties."

The sole question in the case is whether, under a certain law, which went into effect in the Netherlands September 1, 1897, and which contained regulations respecting the production of sugar, the government of that country did in fact pay or bestow, directly or indirectly, a bounty or grant upon the exportation of sugar from that country. The importer makes no question as to the amount of duty, or as to the regularity of the action of the secretary of the treasury, if it be held that such bounty is in fact paid in the Netherlands. The circuit court held that the bounty paid by the Netherlands government is a bounty upon production, and not a bounty upon exportation of the sugar, directly or indirectly. In this conclusion we are unable to concur. Without quoting the precise text of the various provisions of the Dutch law, it may be stated that it imposes on sugar (such as is here concerned), whether produced in or imported into Holland, an excise tax of 27 florins per 100 kilos. A so-called "deduction," which concededly is a bounty, or grant, or premium, is paid for the production of raw sugar of 2.50 florins per

100 kilos for the year in question, and for the production of refined sugar therefrom a further bounty of 0.34 florins per 100 kilos; a total of 2.84 per 100 kilos. The amount of such premium or bounty is placed to the credit of the person to whom it is due in his excise account; and it is provided that, if it "should cause the credit to exceed the debit, the difference shall be paid to the manufacturer or refiner from the revenue from the excise of the year from which the deduction takes place." In view of the great disparity between the bounty and the excise tax (there is a similar disparity for all kinds and grades of sugar), it is quite evident that there can be no excess "paid" from the government's revenues to any one who is liable for the excise tax. Finally, it is provided that sugar withdrawn for exportation to a foreign country, and actually exported, shall be exempt from the excise tax. That tax being thus eliminated from the debit side of the account, the manufacturer or refiner receives from the government the excess of credit over debit, which is the precise amount of the bounty. Undoubtedly, this premium or "deduction" is called a bounty on production, and is a bounty on production; but the other provisions of the law have the practical effect of making it, from the standpoint of other countries, a bounty on exportation. The result of the whole act is no different, so far as the foreign country is concerned, from what it would be had it provided: All sugar producers shall receive a bounty paid in cash from the revenues of the government of so much per 100 kilos. Those who export their sugar may keep this bounty, those who do not export it must forthwith return it to the government. The decision of the circuit court is reversed, and that of the board is affirmed.